

# NUMBER 13-09-00674-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE: DALLAS NATIONAL INSURANCE COMPANY

### On Petition for Writ of Mandamus
### and Motion for Temporary Relief

## DISSENTING MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Vela**
**Dissenting Memorandum Opinion by Justice Yañez**

I agree with the majority's conclusions that: (1) the trial court has a ministerial duty to rule on the plea to the jurisdiction and motion to dismiss filed by relator, Dallas National Insurance Company ("Dallas National"); and (2) Dallas National has requested a ruling from the trial court, and the trial court has refused to rule. However, I disagree with the majority's conclusion that because Dallas National has failed to apprise this Court of the status of a possibly-related case which may possibly remain pending in another court—a hypothetical situation which neither real party (Vega Roofing, Inc. or Jose E. Garcia)

asserts as a justification for the trial court's refusal to rule—and because the trial court *may* be coordinating the two cases, we cannot say that the trial court's three-year delay in ruling on Dallas National's plea and motion is unreasonable. I conclude the trial court has abused its discretion in failing to rule on Dallas National's plea and motion, and I would therefore conditionally grant Dallas National's petition for writ of mandamus.

## Applicable Law

To establish that the trial court abused its discretion by failing to rule, Dallas National was required to show that the trial court: (1) had a legal duty to perform a nondiscretionary act; (2) was asked to perform that act; and (3) failed or refused to do so.[1] A trial court commits a clear abuse of discretion when it refuses to rule on a pending motion within a reasonable amount of time.[2] What is considered a reasonable amount of time is dependent upon the circumstances of each case.[3]

## Discussion

As the majority notes, Garcia's response asserts that Alfaro filed a separate non-subscriber lawsuit against Vega and J.P. Monday d/b/a Monday Builders in a separate cause and court, and that the parties in the present case "minimized their activity while the Alfaro liability case proceeded forward."[4] He did not assert, however, that: (1) the Alfaro

---

[1] *See In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.–Texarkana 2008, orig. proceeding); *In re Shredder Co., L.L.C.*, 225 S.W.3d 676, 679 (Tex. App.–El Paso 2006, orig. proceeding).

[2] *In re Shredder Co., L.L.C.*, 225 S.W.3d at 679; *In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.–San Antonio 1998, orig. proceeding) .

[3] *In re Shredder Co., L.L.C.*, 225 S.W.3d at 679; *see In re Almendarez*, No. 13-09-632-CV, 2009 Tex. App. LEXIS 9052, at *2 (Tex. App.–Corpus Christi Nov. 24, 2009, orig. proceeding) (mem. op.).

[4] J.P. Monday is the general contractor for the construction of Garcia's residence.

2

case remains pending; (2) that its resolution governs the disposition of Dallas National's plea and motion in this case; or (3) that the trial court's three-year delay in ruling on Dallas National's plea and motion is somehow attributable to the still-pending Alfaro suit. Instead, Garcia simply argued that: (1) his and Vega's claims against Dallas National are outside the jurisdiction of the workers' compensation division; and (2) Dallas National waived any right to complain of the trial court's failure to rule by (a) waiting almost two years between its requests for the court to rule and (b) not objecting to the trial court's failure to rule.

I recognize that Dallas National bears the burden to establish its right to mandamus relief.[5] Nonetheless, if the Alfaro suit remains pending in another court, and if the proper disposition of Dallas National's plea and motion depends on the outcome in that case and justifies the trial court's refusal to rule, Garcia could have asserted such an argument and could have provided evidentiary support for his claims.[6] However, he did not do so.

Determining what time period is "reasonable" for a trial court to rule on a motion is not subject to exact formulation and depends on the circumstances of the case.[7] Factors relevant to whether a reasonable time has lapsed include: (1) the trial court's actual knowledge of the motion; (2) its overt refusal to act, the state of its docket; (3) the existence of other judicial and administrative matters which must be addressed first; and

---

[5] *See In re Blakeney*, 254 S.W.3d at 661.

[6] *See* TEX. R. APP. P. 52.7(b) (providing that after record is filed in an original proceeding, relator or any other party to the proceeding may file additional materials for inclusion in the record).

[7] *See In re Blakeney*, 254 S.W.3d at 662; *In re Villarreal*, 96 S.W.3d 708, 711 (Tex. App.–Amarillo 2003, orig. proceeding); *In re Sames*, No. 13-07-551-CV, 2007 Tex. App. LEXIS 7464, at *2 (Tex. App.–Corpus Christi Sept. 13, 2007, orig. proceeding) (mem. op.); *In re Brown*, No. 13-07-218-CV, 2007 Tex. App. LEXIS 2808, at *3 (Tex. App.–Corpus Christi Apr. 12, 2007, orig. proceeding) (mem. op.).

(4) its inherent power to control its own docket.[8] The majority does not dispute that Dallas National established that the trial court has actual knowledge of the motion and has refused to act. The majority's position rests entirely on speculation that the trial court may be delaying its ruling until the Alfaros' suit is resolved in another court.

The majority cites comments made by the trial court at the March 6, 2007 hearing, which suggest that the present case "need[s] to be coordinated" with the Alfaros' suit, and that the two cases should possibly be "put in the same court." The hearing concluded, however, with the trial court's promise to "talk to [his] fellow judge down the hall and upstairs" and "figure [it] out." Three years later, Dallas National is still waiting for a ruling.

In *City of Galveston v. Gray*, the Fourteenth Court of Appeals found that a trial court abused its discretion in refusing to rule on the city and county's pleas to the jurisdiction where the pleas were filed in March 2002, and the trial court granted a continuance of a hearing on the pleas until April 2003 (thirteen-month delay).[9] In *In re Ramirez*, the San Antonio Court of Appeals held that the trial court abused its discretion in failing to rule for eighteen months on a plaintiff-inmate's motion for default judgment.[10] In *Safety-Kleen Corporation v. Garcia*, the San Antonio Court of Appeals found that the trial court abused its discretion in setting an October 1997 hearing on a defendant's motion to compel

---

[8] *See In re Blakeney*, 254 S.W.3d at 663; *In re Villarreal*, 96 S.W.3d at 711; *In re Sames*, 2007 Tex. App. LEXIS 7464, at *2-3; *In re Brown*, 2007 Tex. App. LEXIS 2808, at *3

[9] *City of Galveston v. Gray*, 93 S.W.3d 587, 592 (Tex. App.–Houston [14th Dist.] 2002, orig. proceeding).

[10] *See In re Ramirez*, 994 S.W.2d at 684.

4

discovery filed in January 1997 (ten-month delay).[11] In *O'Donniley v. Golden*, the Tyler Court of Appeals found that the trial court abused its discretion in failing to rule for over thirteen months on the relator's motion for appointment.[12] More recently, in circumstances similar to the present case, the El Paso Court of Appeals found that the trial court abused its discretion in refusing to rule on a motion to compel arbitration for nineteen months, despite several requests from relators for a ruling.[13] In *In re Mitchell*, the Waco court found that the trial court abused its discretion in failing to rule on a motion for default judgment that had been on file for twenty months.[14]

Here, three years have elapsed since the hearing on Dallas National's plea and motion. During that time, Dallas National made several requests for a ruling, but the court still has not ruled. Under these circumstances, I conclude that the trial court has abused its discretion in refusing to rule on Dallas National's plea and motion.

I recognize that we have jurisdiction to direct the trial court to exercise its discretion in some manner, but under no circumstances may we tell the trial court what its decision should be.[15] I therefore express no opinion on the merits of Dallas National's plea to the jurisdiction and motion to dismiss. Because the trial court abused its discretion by failing

---

[11] *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 270 (Tex. App.–San Antonio 1997, orig. proceeding).

[12] *See O'Donniley v. Golden*, 860 S.W.2d 267, 270 (Tex. App.–Tyler 1993, orig. proceeding).

[13] *See In re Reeves County*, No. 08-09-00227-CV, 2009 Tex. App. LEXIS 6702, at **5-6 (Tex. App.–El Paso Aug. 6, 2009, orig. proceeding) (mem. op.).

[14] *See In re Mitchell*, No. 10-07-00250-CV, 2008 Tex. App. LEXIS 507, at **3-4 (Tex. App.–Waco Jan. 23, 2008, orig. proceeding) (mem. op.).

[15] *In re Ramirez*, 994 S.W.2d at 684.

to rule on Dallas National's plea and motion within a reasonable time, I would conditionally grant Dallas National's petition for writ of mandamus. Accordingly, I respectfully dissent.

_____
Linda R. Yañez
Justice

Delivered and filed
the 17th day of March, 2010.